**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**PORSCHE KNIGHT,**

    **Plaintiff,**

                                  **CASE NO.:**

**v.**

**STRATEGOS PUBLIC AFFAIRS, LLC,**
**d/b/a STRATEGOS GROUP,**

    **Defendant.**

_____/

## NOTICE OF AND PETITION FOR REMOVAL

Defendant, STRATEGOS PUBLIC AFFAIRS, LLC ("Defendant" or "Strategos"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, Rule 7.2 of the Local Rules of the United States District Court for the Northern District of Florida, and Title 28 of the United States Code §§ 1331, 1367, 1441, and 1446, hereby requests that this Court remove this action from the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division. The grounds for removal of this civil action are set forth below.

1

## I.    <u>INTRODUCTION</u>

On or about October 7, 2024, Plaintiff, Porsche Knight ("Plaintiff"), a former employee of Defendant, brought this action in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, Case No. 2024-CA-001697 (the "Circuit Court Case"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*. and the Florida Civil Rights Act of 1992, as amended, Chapter 760, Florida Statutes ("FCRA").

On October 28, 2024, Defendant filed and served its Waiver of Service of Process. *See* Composite Exhibit "A," attached hereto.  Therefore, the instant Notice of and Petition for Removal has been timely filed within thirty (30) days of the date of Defendant's waiver of service of the Complaint. 28 U.S.C. § 1446(b)(1); *see also Premier Med. Billing, Inc. v. Gotham Footcare, Inc.*, 2018 U.S. Dist. LEXIS 145219, *6-7 (M.D. Fla. Aug. 27, 2018) ("the 30-day clock is triggered only when the defendant has been formally served or has waived service") (*citing Murphy, Bros v. Michetti Pip Stringing, Inc.*, 526 U.S. 344, 348 (1999)).

On November 13, 2024, Plaintiff filed an Amended Complaint in the Circuit Court Case. *See* Composite Exhibit "A," attached hereto.

Copies of all processes, pleadings, orders and other papers or exhibits of every kind currently on file within the Circuit Court Case are attached to this Notice of and

Petition for Removal as **Composite Exhibit "A,"** as required by 28 U.S.C. § 1446(a) and Local Rule 7.2.

In the Amended Complaint, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Florida Civil Rights Act of 1992, as amended, Chapter 760, Florida Statutes ("FCRA").

The United States District Court for the Northern District of Florida, Tallahassee Division, includes the judicial circuit in which Plaintiff filed her Complaint. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

Pursuant to 28 U.S.C. § 1446(d), Defendant has provided the Notice of and Petition for Removal to Plaintiff and has filed a copy of this Notice of and Petition for Removal in the Circuit Court Case.

As set forth herein, removal to this Court is proper based on the federal jurisdiction requirements of 28 U.S.C. § 1331, because Plaintiff's purported claims under Title VII arise under the laws of the United States. Further, the Court also has supplemental jurisdiction over Plaintiff's state law claims under the FCRA pursuant to 28 U.S.C. § 1367.

[*This space intentionally left blank.*]

## II.    REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

### A.    This Court Has Federal Question Jurisdiction.

Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff alleges claims under Title VII in Counts I and III of the Amended Complaint.  *See* Comp. Ex. A, Amended Compl. at ¶¶ 1, 32-41, and 47-53. Accordingly, this civil action is within the original federal question of the United States District Court and may be removed to this Court pursuant to 28 U.S.C. § 1441, and 1443.

### B.    This Court Has Supplemental Jurisdiction over State Law Claims.

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the remaining state law claims alleged in Counts II-III of the Amended Complaint. "Section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the 'case or controversy' standard of Article III of the Constitution." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-743 (11th Cir. 2006) (cite omitted). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Id*. at 743.

4

In this case, Plaintiff's FCRA claims arise from the same set of facts and circumstances as Plaintiff's Title VII claims, namely, the employment relationship between the parties. *See* Comp. Ex. A, Amended Compl. Simply put, Plaintiff's claims involve the same facts, the same occurrences, and generally the same evidence. In fact, Plaintiff realleges and incorporates by reference the "Facts" in each Count of the Amended Complaint. *See* Comp. Ex. A, Amended Compl. at ¶¶ 32, 42, and 47. As such, Plaintiff's state law claims are a part of the same case or controversy raised by Plaintiff's federal claims under Title VII. Therefore, the Court has supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(a); *Parker*, 468 F.3d at 743.

WHEREFORE, Defendant, STRATEGOS PUBLIC AFFAIRS, LLC, respectfully requests that the United States District Court for the Northern District of Florida, Tallahassee Division, accept the removal of this action and direct that the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, have no further jurisdiction of this action unless and until this action is remanded.

DATED this 26th day of November 2023.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

By: */s/ Brian L. Hayden*
Brian L. Hayden
Florida Bar No. 58987
Brian.Hayden@jacksonlewis.com
Sander R. Weiner
Florida Bar No. 1038153
Sander.Weiner@jacksonlewis.com
Alexandrea.Price@jacksonlewis.com
JacksonvilleDocketing@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on this 26th day of November 2024, a true and correct copy of the foregoing pleading has been filed via CM/ECF and served via electronic mail to the following counsel of record:

Marie A. Mattox, Esq.
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com
discovery@mattoxlaw.com

*Attorneys for Plaintiff*

/s/ Brian L. Hayden
Attorney

7